IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODERICK A. PURVIS,<br><br>Plaintiff,<br><br>v.<br><br>DERRICK CUNNINGHAM, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:26-CV-790-WKW<br>[WO] |

## **ORDER**

On September 25, 2026, a *pro se* 42 U.S.C. § 1983 complaint filed by Shareef Merritt and Roderick A. Purvis, both of whom are detained at the Montgomery County Detention Facility, was received by the court and docketed. *See Merritt v. Cunningham et al.*, 2:26-cv-752-WKW-JTA (M.D. Ala. docketed Sept. 25, 2026), Doc. # 1. On October 7, 2026, an Order was issued, directing that a separate civil action be opened for Purvis *Id.*, Doc. # 4 ("October 7 Order"). In accordance with the October 7 Order, this action was opened.

After this action was opened, the Clerk of Court issued a Notice of Deficiency dated October 15, 2026. (Doc. # 3.) The Notice instructed Purvis to either pay the filing and administrative fees or file an application for leave to proceed *in forma pauperis* within 14 days of the Notice's date and expressly informed Purvis that if

he did not comply, then appropriate directives (*e.g.*, a dismissal order) would be entered in his case. (Doc. # 3.)

The Notice's deadline has passed, and Purvis has not paid the filing and administrative fees or filed an *in forma pauperis* application. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025) (cleaned up), *cert. denied*, 146 S. Ct. 2622 (2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted)

(quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Purvis has failed to comply with the Notice of Deficiency, despite its express directives and warnings, and because this case cannot proceed without prepayment of the requisite filing fees or the granting of *in forma pauperis* status, this action will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 4th day of November, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE